UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 07 CR 682 |
| RUBEN VILLARREAL | Judge John W. Darrah |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)**

Defendant RUBEN VILLARREAL has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to narcotics offenses.

As discussed below, this motion should be granted, and the defendant's sentence should be lowered to a sentence within the new guideline range of 87 months to 108 months imprisonment.

**I.   BACKGROUND**

**A.   Defendant's Conviction and Sentencing**

Defendant was convicted of conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.

On February 16, 2010 defendant RUBEN VILLARREAL was sentenced by the Court to a term of 96 months imprisonment. In imposing its sentence, the Court found that defendant's base offense level was 36, because he was responsible under the Guidelines for 80 kilograms of cocaine. The Court further found that defendant's base offense level was then reduced by 5 levels (acceptance of responsibility, timely

plea, and safety valve), resulting in a total combined offense level of 31. The Court also found that defendant's prior conduct placed him in Criminal History Category I. With a combined offense level of 31 and a Criminal History Category I, the Court found that defendant's guideline range was 108 months to 135 months imprisonment.

### B. 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and Guideline Amendment 782

As a general rule, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Section 3582(c)(2) states a limited exception to this rule, providing:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The provision referenced in this statute, 28 U.S.C. § 994(o), authorizes the Commission to periodically review and revise the Sentencing Guidelines. Section 994(p) dictates the amendment process, stating:

> The Commission, at or after the beginning of a regular session of Congress, but not later than the first day of May, may promulgate under subsection (a) of this section and submit to Congress amendments to the guidelines and modifications to previously submitted amendments that have not taken effect, including modifications to the effective dates of such amendments. Such an amendment or modification shall be accompanied by a statement of the

> reasons therefor and shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year in which the amendment or modification is submitted, except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress.

Thus, the statute mandates that Congress be afforded a period of at least 180 days to alter or disapprove any proposed Guidelines amendment, before the amendment becomes effective.

Pursuant to this statutory authority, on April 30, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission, consistent with Section 994(p), stated that the amendment will be effective on November 1, 2014, unless Congress modifies or disapproves it.

Subsequently, on July 18, 2014, the Commission voted, pursuant to the authority provided in 28 U.S.C. § 994(u), to make Amendment 782 retroactively applicable to previously sentenced defendants. Thus, effective on November 1, 2014, previously sentenced prisoners may move under 18 U.S.C. § 3582(c)(2) at that time for modification of their sentences on the basis of the amendment.

In its action declaring Amendment 782 retroactively applicable, the Commission specified: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Thus, beginning on November 1, 2014, courts may address applications for reduced sentences, but no defendant may be released as the result

3

of such an application earlier than November 1, 2015. The Commission's authority to define "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced" is stated in 28 U.S.C. § 994(u), and its directives in this regard are binding on the courts. The Supreme Court explained: "The [Sentencing Reform Act] charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'" *Dillon v. United States*, 560 U.S. 817, 826 (2010). *See also United States v. Wise*, 515 F.3d 207, 221 & n.11 (3d Cir. 2008) (where the Commission stated that a directive making a Guidelines amendment retroactive would not be effective until March 3, 2008, no relief was available unless and until the provision went into effect on March 3, 2008).

II. ANALYSIS

   A. **Amendment 782 As Applied to Defendant**

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according

4

to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guideline Manual or any variance)."

The defendant is correct that Amendment 782 reduced the Guidelines range applicable to his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 34, pursuant to Section 2D1.1; as amended by Amendment 782, made retroactive by Section 1B1.10(d). When combined with the other Guidelines applications made earlier, as required by Section 1B1.10(b)(1) the new total adjusted offense level is 29. At the established Criminal History Category of I, this would result in a sentencing range of 87 months to 108 months' imprisonment.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, even when the Guidelines range is actually reduced, whether to reduce the sentence "is a matter . . . which lies within the peculiar discretion of the district court." *United States v. Tidwell*, 17 F.3d 946, 949 (7th Cir. 1999); *see also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary").[1]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that

---

[1] Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. *Id.* appl. n. 1(B)(I); *see also* U.S.S.G. § 1B1.10 background cmt. ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); *Dillon*, 560 U.S. at 826 ("The SRA charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under §3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute." *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014).

The Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance, which was not the case here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). An

application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[2] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id*. Accordingly, the Court should not reduce defendant's sentence below 87 months.

---

[2] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the term of imprisonment imposed was 70 months; and (3) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

§ 1B1.10 app. note 3.

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant defendant the relief discussed above and impose a sentence no lower than 87 months.

                              Respectfully submitted,

                              ZACHARY T. FARDON
                              United States Attorney

By:   /s/ *Steven A. Block*
        STEVEN A. BLOCK
        Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 886-7647

Dated: March 17, 2015